## MORTH LEHANE, Respondent, *v.* E. W. KEYES, Appellant.

An answer palpably frivolous, or not verified when it should be, may be stricken out on motion, and if, after a reasonable time given to perfect such answer, it is not done, judgment may be rendered in accordance with the prayer of the complaint.

It being apparent that the appeal was taken simply for delay, five per cent. upon the judgment was awarded to the respondent as damages.

Appeal from the District Court of the First Judicial District, Hon. C. Burbank presiding.

The facts appear in the Opinion.

*Mitchell & Hundley*, for Appellant.

*Francis L. Aud*, for Respondent.

Opinion by Lewis, J., full Bench concurring.

The complaint in this action is upon a promissory note executed by the defendant and made payable to the plaintiff or his order. The defendant in the Court below filed a general demurrer to the complaint, and at the same time put in what counsel was pleased to call an answer, the substance of which, however, is that he had no answer to make. He " avers that he cannot answer the complaint because the same does not contain nor purport to contain a copy of the instrument or note sued on." The demurrer was overruled by the Court below, and upon motion of counsel for plaintiff the answer was very properly stricken out, and after a delay of five days— granted at the request of the defendant —judgment was rendered in accordance with the prayer of the complaint. The plaintiff's motion to strike out was based upon two grounds: first, because the answer was not verified as required by the Practice Act; and second, because it was frivolous, presenting no defense to the plaintiff's right to recover.

Either of these grounds, it seems to us, was sufficient to justify the Court in sustaining the motion. The answer is so palpably and unmistakably frivolous that we cannot see how the Court below could possibly have refused to strike it out. From the judgment thus rendered in favor of the plaintiff, the defendant takes an appeal

to this Court, which it seems to us was taken more for the purpose of delay than to secure the ends of justice.    Such being the case, we deem it our duty to award the plaintiff five per cent. on the amount of the judgment, as damages for the delay which has thus been occasioned.

It is so ordered.