[No. 712.]

FRANK WHEELER ET AL., RESPONDENTS, v. FLORAL MILL AND MINING COMPANY AND C. H. LIGHT, APPELLANTS.

STIPULATION NOT TO APPEAL ENFORCED.—A stipulation made between the parties to a suit in the court below, whereby they mutually agreed, in consideration of a delay in the issuance of an execution upon the judgment, that no appeal should be taken to this Court, is binding upon the parties, and an appeal taken in violation of such stipulation will be dismissed.

APPEAL WHEN TAKEN FOR DELAY—DAMAGES.—Where an appeal is manifestly taken for delay, damages equal to ten per cent. of the judgment will be awarded by this Court, and if the act of appellant occasions a delay of more than five months, damages will be allowed at the rate of two per cent. per month.

MOTION made by respondents to dismiss an appeal. Affidavits in support of the motion were filed showing the facts which are stated in the opinion.

*A. B. Hunt and Bishop & Sabin,* for Respondents.

I. Appellant Light is estopped from ever claiming the right of appeal in this action. (*Dezell* v. *Odell,* 3 Hill, 215; *Welland Canal Co.* v. *Hathaway,* 8 Wend. 483; *Plumb* v. *Catt. Ins. Co.,* 18 N. Y. 394.)

II. A party may waive a right created in their favor by statute. (*Bowen* v. *Aubrey,* 22 Cal. 566; *Bull* v. *Trustees of Lockport,* 3 Comst. 197; *Tombs* v. *R. & S. Railroad Co.,* 18 Barb. 584; *People* v. *Wooster,* 16 Cal. 435; *Bingham et al.* v. *Thompson,* 4 Nev. 224; *Cardinal* v. *Edwards,* 5 Nev. 36; *Corbett* v. *Swift,* 6 Nev. 194.)

III. The court should enforce the stipulation and refuse to pass upon any question raised by this appeal. (*Townson* v. *Masterson Stone Dressing Co.,* 15 N. Y. (1 Smith) 589; *Vail* v. *Remsen,* 7 Paige, 206.) The appellant ought to have his appeal dismissed, and be punished for his trifling with the courts, and his attempt to abuse the machinery of the law and make it subservient to his own selfish ends. (*Lehane* v. *Keyes,* 2 Nev. 361; *Kercheval* v. *McKinney,* 4 Nev. 294; 2 Cal. 149; 12 Cal. 559; *Pacheco* v. *Bernal,* 2 Cal. 150; *Russell* v. *Atherton,* 2 Cal. 158; *Buckley* v. *Morse,* 2 Cal. 149; *Bates* v. *Vischer,* 2 Cal. 355; *Dewitt et al.* v. *Porter,* 13 Cal. 171; *Nickerson* v. *Cal. Stage Co.,* 10 Cal. 520.)

*Pitzer & Corson,* for Appellants.

By the Court, BEATTY, J.:

A supplemental and final decree was made and entered in this cause October 3, 1874, modifying the original decree in accordance with the order of this Court. (See 9 Nev. 254.) Subsequently, on November 10, 1874, the parties made the following stipulation, which was filed in the district court. After the title of the cause, "It is hereby agreed and stipulated by and between the plaintiffs to the

above-entitled cause and said defendant, the Flora Mill and Mining Company and said C. H. Light—

"1st. That said defendants waive all right of appeal to the Supreme Court in said cause, either from the judgment or decree, or supplemental decree in said cause, or any part thereof, or from any order, notice or ruling of said court, at any time made or entered in said cause, or from any part thereof.

"2d. That a stay of an order of sale, or the issuance of an execution therein until the 1st day of April, A. D. 1875, shall be entered in said cause.

"3d. That on said 1st day of April, 1875, said C. H. Light shall pay the whole amount of the judgment, interest and costs in said cause in gold coin, and that said mill shall remain, with its machinery and appurtenances, where it now is till that time.

"4th. That in case said Light shall fail to pay said judgment, costs and interest on said 1st day of April, 1875, as aforesaid, then said mill and property known as the Floral Mill, shall be sold as directed in said decree, according to law, and no further stay of an order of sale shall be granted in said cause.

"5th. That it is the true intent of this agreement to give said Light time in which to pay said judgment, costs and interest without the expense of a sale of the property.

"A. B. HUNT,
Attorney for Plaintiffs.

GARBER, THORNTON and KELLY, and
J. C. FOSTER,

"PIOCHE, NEVADA, Nov. 10, 1874.          Attorneys for Defendants."

The affidavits on file here prove beyond a doubt, and the fact is not disputed, that this stipulation was entered into at the request of the defendant Light, and signed by his attorneys upon his express direction. It is also shown that he has had all the benefit of a strict compliance by plaintiffs with their agreement to stay execution. But when, about the 1st of April, they demanded payment of their judg-

ments, he replied by filing notice of this appeal, and gave an undertaking to stay proceedings. [It is only just to add in this connection that the attorneys through whom the stipulation was entered into, dissolved all connection with the case when the appeal was taken.]

Upon a certificate of the clerk of the district court, and affidavits showing the facts above recited, the respondents moved during the last term for a dismissal of the appeal and damages. Pending the decision of their motion, they filed, at the beginning of the present July term, an additional certificate of the clerk of the district court, showing that although the appeal was taken April 6, no transcript for this court had been ordered by the appellant up to July 5.

Under a rule of this court, the appeal would be dismissed upon the facts presented by the latter certificate. But aside from the operation of that rule, we think this appeal should be dismissed on account of the stipulation. Stipulations of a similar character have been enforced in *Bingham* v. *Thompson*, 4 Nev. 224, and *Townson* v. *Masterson Stone Dressing Co.*, 15 N. Y. 589. If the record was here we should decline to consider any question it might present. We are further of the opinion that as the appeal was manifestly taken merely for delay, damages should be awarded, and an occasion is presented for announcing that hereafter this rule will be observed in all similar cases: Ten per cent. of the judgment will be allowed, and if the act of the appellant occasions a delay of more than five months, damages will be allowed at the rate of two per cent. per month.

The appeal in this case is dismissed, and the court below is directed to allow, by way of damages to each of the respondents, sixteen per cent. of their respective judgments; this to be in addition to costs and accruing interest, and to be entered as a judgment against the defendant Light.