[No. 927.]

OSCAR ALLEN, RESPONDENT, v. JAMES MAYBERRY, APPELLANT.

SUFFICIENCY OF SHERIFF'S RETURN—CLERICAL MISTAKE.—Where the sheriff made return that he personally served the summons upon James Mayberry, and further certified that he "delivered to the said Jame May a certified copy of the complaint, etc.: *Held*, that the word "said" preceding the words "Jame May," shows that they were written by mistake for James Mayberry, and that the return is sufficient.

APPEAL TAKEN FOR DELAY—RULE AS TO DAMAGES ENFORCED.

APPEAL from the District Court of the Second Judicial District, Washoe County.

The facts are stated in the opinion.

*Boardman & Varian,* for Appellant.

I. By the return of the officer it *affirmatively* appears that a certified copy of the complaint was not served on appellant. The statute specially provides how service shall be made. (Civ. Pr. Act, secs. 28, 29.) These provisions were not complied with, hence there is no presumption in favor of the jurisdiction. (*O'Brien* v. *Shaw's Flat Co.,* 10 Cal. 343; *Aiken* v. *Quartz Rock M. G. M. Co.,* 6 Cal.

186; *McMillan* v. *Reynolds*, 11 Id. 378; *McMinn* v. *Whelan*, 27 Id. 312; *Forbes* v. *Hyde*, 31 Id. 348; *McKinlay* v. *Tuttle*, 42 Id. 577.

*Thomas E. Haydon*, for Respondent.

I. The return of the officer was sufficient.

II. Judgments are only reversed for material errors. (*Quint & Hardy* v. *Ophir S. M. Co.*, 4 Nev. 308; Pr. Act, sec. 11; Comp. Laws, 1134.) Errors will not be *presumed*. (*People* v. *Best*, 39 Cal. 690; *Moore* v. *Massini*, 43 Cal. 389.) The error, if any, should have been brought to the attention of the court below. (*Howard* v. *Richards*, 2 Nev. 133; *Abel Guy* v. *Ed. Franklin*, 5 Cal. 417.) Defendant has not shown that the complaint and summons were not served. (*Moore* v. *Massini*, 43 Cal. 389, *supra*.)

By the Court, BEATTY, C. J.:

The defendant in this case appeals from a judgment rendered against him upon his default, and the only question to be considered is whether the sheriff's return shows that he was served with a certified copy of the complaint.

The following is a copy of the return:

"STATE OF NEVADA, COUNTY OF WASHOE, .*ss*.          Sheriff's return.

"I hereby certify and return that I received the within summons on the eleventh day of May, A. D. 1878, and that I personally served the same upon the within named defendant, James Mayberry, by showing the original summons to him and delivering to him a copy of the same, in Washoe county, State of Nevada, on the eleventh day of May, A. D. 1878. And I further certify that I delivered to the said Jame May (*sic*) a certified copy of the complaint filed in said action, with a copy of the summons attached, at the same time and place. Dated this eleventh day of May, A. D. 1878.          A. K. LAMB,

" Sheriff of Washoe county, State of Nevada.

" By I. CHAMBERLAIN, Deputy Sheriff."

This shows clearly that the defendant was served with a certified copy of the complaint. The word "said" preceding the words "Jame May" shows that they were

written by mistake for James Mayberry, he being the only person to whom the word "said" could possibly refer. The whole context proves the same thing too conclusively to admit of a moment's doubt.

The appeal was manifestly taken for delay, and the judgment must be affirmed with damages. (*Wheeler* v. *Floral M. and M. Co.*, 10 Nev. 203; *Escere* v. *Torre*, decided at the present term.)

The judgment is affirmed, with ten per cent damages in addition to costs and accruing interest.