[No. 914.]

# R. S. GAMMANS, APPELLANT, *v.* M. A. ROUSSELL ET AL., RESPONDENTS.

CONFLICT OF EVIDENCE—FINDINGS.—Where there is a substantial conflict of evidence, the findings of the lower court will not be disturbed.

STATEMENT NOT CONTAINING ALL THE EVIDENCE. — Where the statement does not show that it contains all the evidence, it will be presumed that the findings were supported by the evidence.

APPEAL FOR DELAY—RULE AS TO DAMAGES ENFORCED.

APPEAL from the District Court of the Second Judicial District, Washoe County.

The facts appear in the opinion.

*W. Webster* and *R. M. Clarke*, for Appellant.

*Thomas E. Haydon*, for Respondent.

By the Court, LEONARD, J.:

This is an action to determine the ownership and right of possession of an undivided one-sixth part of a certain water-ditch known as the "big ditch," in Washoe county. The case was tried by the court without a jury. The findings were all in favor of the defendants, who had judgment against plaintiff upon the merits and for their costs.

Plaintiff moved for a new trial on the grounds, first, that the findings of the court were not sustained by the evidence; second, that the judgment was against law and the evidence; third, error in law occurring at the trial and excepted to by plaintiff. The motion for a new trial was denied "upon the grounds that the statement as settled and certified after its engrossment does not show any particulars in which the evidence is insufficient to justify the findings and decree; that it does not show that it contains all the evidence given upon the trial, and does not disclose any error in law occurring at the trial, excepted to by the plaintiff, that is material, or for which such findings and decree should be set aside." There was an attempt to put in the statement a specification of particulars in which the evidence was alleged to have been insufficient. But we need not stop to

inquire whether or not such specifications are sufficient to justify us in considering the statement. If they are deemed sufficient upon the point that the findings are against the evidence, still the fact plainly appears that the evidence of plaintiff and defendants conflicts upon the most material questions in the case. The findings, therefore, cannot be disturbed. Besides, it does not appear that the statement contains all the. evidence; consequently, the findings will be presumed to have been supported by the evidence. The only error in law complained of, and the only specification thereof, is as follows: "The court erred in that the judgment is against law, because of plaintiff's right to the water in question, because of his title thereto being already established." If that can be regarded as a specification of error in law, still it is useless, because it is based upon the evidence in the case, and, as before stated, it does not appear that it is all contained in the statement. This appeal is without any merit, and in my opinion it was taken purely for delay. The judgment and order appealed from are affirmed, and each of the defendants is allowed and awarded ten per cent. on the amount of his judgment as damages for the delay occasioned.