## STATE INDUSTRIAL INSURANCE SYSTEM, Appellant, v. EDWARD H. SLEEPER, Respondent.

### No. 14675

April 25, 1984                                    679 P.2d 1273

*Darla R. Anderson,* Associate General Counsel, State Industrial Insurance System, Las Vegas, for Appellant.

*Robert K. Dorsey,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

The State Industrial Insurance System (SIIS) appeals a judgment finding the administrative agency in contempt and awarding respondent damages, attorney's fees, and continued compensation.

## THE FACTS

In 1975 respondent Edward H. Sleeper injured his back while working as a stock clerk. He applied for and received benefits from appellant SIIS until July 10, 1978, when an SIIS claims examiner closed his claim, granting him a permanent partial disability rating. Sleeper appealed this award to an appeals officer, and eventually sought review in the district court. On October 21, 1981, the district court reversed and remanded to the SIIS for reopening of the claim and "further proceedings."

Thereafter, Sleeper submitted various requests for treatment and payment of medical bills to the SIIS. When a request for treatment at a particular hospital in North Carolina was denied, respondent did not appeal, but instead filed an application in the district court for an order to show cause why the SIIS was "not complying" with the court's October 21 order. On March 30, 1982, after a hearing on the matter, the district court issued an order requiring the SIIS to arrange admission to the North Carolina hospital, and to pay costs for medical services upon submission of valid receipts. Such admission was arranged, the medical bills for the treatment of respondent there were paid by SIIS.

In July, 1982, respondent was informed by SIIS that he qualified for one year of back compensation, rather than the three and one half years he had requested. Respondent accepted a check for this amount from SIIS and did not appeal. On November 5, 1982, respondent's compensation benefits were terminated for his failure to comply with certain recommendations of the North Carolina hospital. He was duly informed of his rights of administrative appeal, but did not do so. Instead, on December 6, 1982, respondent again filed a request for an order to show cause in district court, alleging violation of the court's orders of October 20, 1981 and March 30, 1982. At the hearing, respondent submitted various uncompensated medical bills, as well as an affidavit with his calculation of the back compensation allegedly due him from 1975.

On January 3, 1983, the district court adjudged the SIIS in contempt of court for "failure to hold further proceedings . . . and for failure to pay Petitioner workmen's compensation and medical benefits." The court further granted respondent damages in the amount of $29,109.50 with prejudgment interest, attorney's fees, and "continued workmen's compensation and medical benefits" until "modified or terminated in accordance with law."

The SIIS's motion to vacate this order, as in excess of the

court's jurisdiction, was denied. The SIIS has appealed the judgment and the denial of its motion to vacate.

## DISCUSSION

The SIIS contends that the district court's order adjudging the agency to be in contempt was void, or in excess of its jurisdiction, because the underlying orders upon which it was based were either void, or too vague and ambiguous for enforcement by an order of contempt. We agree.

The contempt order cannot be based upon the district court's order of March 30, 1982, since it was without subject matter jurisdiction to enter that order. There can be no dispute that lack of subject matter jurisdiction renders a judgment void. *See, e.g.,* Lauer et al. v. District Court, 62 Nev. 78, 140 P.2d 953 (1943); Daniels v. Daniels, 12 Nev. 118 (1877). It is equally clear that "[o]ne may not be held in contempt of a void order." Daines v. Markoff, 92 Nev. 582, 587, 555 P.2d 490, 493 (1976). *See also* Culinary Workers v. Court, 66 Nev. 166, 207 P.2d 990 (1949); Cline v. Langan, 31 Nev. 239, 101 P. 553 (1909); Ex Parte Gardner, 22 Nev. 280, 39 P. 570 (1895).

In this case, the district court purported to assume jurisdiction to hear respondent's allegations regarding the handling of his claims by the SIIS despite respondent's failure to institute an administrative appeal of any of the agency's decisions as required by the Nevada Industrial Insurance Act. As we noted in Nevada Industrial Commission v. Reese, 93 Nev. 115, 127, 560 P.2d 1352, 1359 (1977), a 1973 amendment to the Act "abolished the old procedure of filing an independent suit against the [SIIS] if a claimant was dissatisfied with the [SIIS's] award of compensation," by providing instead for judicial review of the administrative decision of an appeals officer. Specifically, NRS 616.543 provides that "(1) No judicial proceedings may be instituted for compensation for an injury or death under [the NIIA] unless . . . (b) [a] final decision of an appeals officer has been rendered on such claim," and that "(2) Judicial proceedings instituted for compensation for an injury or death, under [the NIIA] are limited to judicial review of the decision of an appeals officer."

Courts of other jurisdictions have held that in the face of a failure by a claimant to pursue administrative remedies set forth in workmen's compensation statutes, district courts are without jurisdiction to hear such matters. *E.g.,* Wallace v.

Indus. Comm'n, 629 P.2d 1091 (Colo.App. 1981); Epling v. Ratliff, 364 S.W.2d 327 (Ky.App. 1963). *See* 3 A. Larson, The Law of Workmen's Compensation, section 80.12(a), at 15-426.342 (Rev.ed. 1983).

In this case the respondent, upon each adverse ruling by the SIIS upon his claims, had been duly notified of his right to appeal according to the procedures set forth in the NIIA, as he had originally done. Rather than pursue such remedies, however, respondent simply returned directly to the district court. Respondent has cited no authority for the proposition that once a district court has entered an order in a workmen's compensation case, the claimant is thereafter entitled to circumvent the requirements of the Act.

We find that the district court was therefore without jurisdiction to consider the merits of respondent's claims, either in its order of March 30, 1982, or in its judgment of January 3, 1983, in the absence of a final decision by an administrative appeals officer in these matters, as required by the NIIA.

Furthermore, the court's original order of October 20, 1981, though properly predicated upon review of a decision by an appeals officer, could not properly form the basis for a subsequent contempt order because it failed to "[spell] out 'the details of compliance in clear, specific and unambiguous terms so that [the person whose compliance is required] will readily know exactly what duties or obligations are imposed upon him.' " Southwest Gas Corp. v. Flintkote Co., 99 Nev. 127, 131, 659 P.2d 861, 864 (1983).

The judgment of the district court must therefore be reversed.