DEPARTMENT OF INDUSTRIAL RELATIONS, an Administrative Agency of the State of Nevada, JAMES I. BARNES, Director; DIVISION OF INDUSTRIAL INSURANCE REGULATION, an Unchartered Sub-Agency of the State of Nevada, WILLIAM V. DAGGETT, Administrator; JOHN C. DE GRAFF, Appeals Officer, Department of Administration, State of Nevada; CATHERINE FOUGHT and LINDA BUZICK, Real Parties in Interest, Appellants, v. CIRCUS CIRCUS ENTERPRISES, INC., a Nevada Corporation, Respondent.

No. 15812

LINDA BUZICK and CATHERINE FOUGHT, Real Parties in Interest, Appellants, v. CIRCUS CIRCUS RENO, INC., a Nevada Corporation; WILLIAM N. PENNINGTON, President of Circus Circus Reno, Inc.; CIRCUS CIRCUS ENTERPRISES, INC.; and WILLIAM N. PENNINGTON, President of Circus Circus Enterprises, Inc., Respondents.

No. 15845

LINDA BUZICK and CATHERINE FOUGHT, Real Parties in Interest, Appellants, v. CIRCUS CIRCUS RENO, INC., a Nevada Corporation; and WILLIAM N. PENNINGTON, President of Circus Circus Reno, Inc.; CIRCUS CIRCUS ENTERPRISES, INC., and WILLIAM N. PENNINGTON, President of Circus Circus Enterprises, Inc., Respondents.

No. 15846

August 27, 1985                    705 P.2d 645

[Rehearing denied May 1, 1986]

*David M. Norris,* Dept. of Industrial Relations, Carson City; *Brian McKay,* Attorney General, Carson City; *Barbara Gruenewald,* State Industrial Attorney, Carson City, for Appellants Fought and Buzick.

*Matthew H. Feiertag,* Assoc. General Counsel for Amicus Curiae, State Industrial Insurance System.

*McGroarty and Hanmer,* Las Vegas, for Respondent Circus Circus Enterprises, Inc.

## OPINION

*Per Curiam:*

These consolidated appeals arise out of a refusal by a self-insured employer, Circus Circus Enterprises, Inc. (Circus Circus), a hotel/casino, to comply with a hearing officer's order requiring Circus Circus to pay worker's compensation benefits to

its employees Fought and Buzick. Because we agree with appellants that, absent a stay, a self-insured employer must comply with a hearing officer's order to pay benefits, we reverse.

## Facts and Procedural Background

The facts in these appeals are not in dispute. Circus Circus elected to be a self-insured employer under the Nevada Industrial Insurance Act. As such, Circus Circus has accepted "the responsibility for the payment of compensation" to its employees. NRS 616.112. Employees Fought and Buzick were both employed in the casino operations of Circus Circus, as card dealers of the game commonly known as "21" and as "Blackjack." Each filed worker's compensation claims with Circus Circus, alleging that as a result of the repeated wrist movements they utilized as card dealers for Circus Circus, they suffered from "carpal tunnel syndrome." Carpal tunnel syndrome results from damage to the nerve which passes through the wrist into the hand. The damage, loss of sensation in the fingers, is commonly caused by repeated movements of the wrist. Circus Circus denied each employee's claim on the ground that neither employee had sustained an accident or injury compensable under our worker's compensation laws. Fought and Buzick each filed a timely appeal of the denial by Circus Circus to a state hearing officer, in accordance with the two-layered statutory scheme.

The hearing officer conducted a hearing on each employee's claim, in which he heard the testimony, considered the evidence, and determined that the claims were compensable as an occupational disease. The hearing officer reversed the claim denials, and remanded each case to Circus Circus "to accept the claim and pay benefits."

Circus Circus then applied to the hearing officer for a stay of the orders to pay benefits to the employees. The basis of this stay was that the cases needed to be "resolved in a definitive manner." The hearing officer denied the request for a stay in both actions. On the same day it applied for the stay, Circus Circus filed a timely appeal of the hearing officer's decision with the next layer of administrative review, the appeals officer. Because they had not yet been paid any worker's compensation benefits, Fought and Buzick filed with the appeals officer a motion for order to show cause why Circus Circus should not be held in contempt for failure to follow the hearing officer's order.

The appeals officer issued a consolidated decision, ordering Circus Circus to comply with the hearing officer's order "by accepting the claims and paying benefits, within five days of the service of this order." He also authorized employees Fought and Buzick "to apply to the district court in the name of the undersigned appeals officer for enforcement of this order" should

Circus Circus refuse compliance with the appeals officer's order. In his decision, the appeals officer noted that Circus Circus had not requested from the appeals officer a stay of the hearing officer's order, pending an appeal on the merits, but rather argued that "the filing of a notice of appeal with the appeals officer automatically suspends the effect of the hearing officer's decision." The appeals officer recognized that the "objective of workers [sic] compensation social legislation 'is to provide the disabled worker with benefits during the period of his disability so that the worker and his dependents may survive the catastrophe which the temporary cessation of necessary income occasions.' McAvoy v. H.B. Sherman Co., 258 N.W.2d 414 (Mich. 1977)." He concluded that this objective would be defeated by Circus Circus' refusal to comply with the hearing officer's order, as "[i]t is clearly the injured worker and not the employer who is more likely to be irreparably harmed when immediate payment of benefits is contrasted with delayed payment pending the outcome of the hearing on the merits."

Circus Circus still refused to pay benefits to Fought and Buzick. The Department of Industrial Insurance Regulation (DIIR), charged with the responsibility of regulating self-insured employers, fined Circus Circus for refusing to comply with the hearing officer's orders to pay benefits to Fought and Buzick. Circus Circus still refused to make payments.

Fought and Buzick and the appeals officer then petitioned the district court for a warrant of attachment for contempt. The trial court issued an order to show cause why Circus Circus should not be adjudged in contempt for failing to comply with the order to pay benefits. Circus Circus filed a petition for writ of prohibition with our court, which we denied because an application for extraordinary relief should first be made in the district court. Circus Circus then filed a petition for writ of review, mandamus, injunction and declaratory relief with the district court. At the hearing before the district court, Judge Minor signed a writ of review (certiorari) staying all further proceedings before the appeals officer or DIIR, because the judge believed the appeals officer had exceeded his jurisdiction in affirming the hearing officer's denial of the requested stay.

Subsequently, the hearing officer issued an order directing Circus Circus to comply with its decision and authorizing Fought and Buzick to apply to the district court in the hearing officer's name for enforcement of his earlier decision ordering payment. Circus Circus still failed to make payments.

Fought and Buzick and the Hearing Officer then petitioned the district court to issue an order to show cause why Circus Circus should not be held in contempt for its refusal to obey the hearing officer's decision. The court denied the petition because it deter-

mined that the legislature did not intend to give the hearing officer power "over matters that deal with the granting of an award prior to a final hearing." The court then concluded that it "is without jurisdiction to consider the merits of the claims of Linda Buzick and Catherine Fought until the administrative appeal process has been completed." For this conclusion, the court relied on our decision in State Indus. Ins. System v. Sleeper, 100 Nev. 267, 679 P.2d 1273 (1984).

It is indisputably the policy of the State Industrial Insurance System (SIIS) to comply with a hearing officer's order, unless a stay is granted. The central issue before us, therefore, is whether an employer that accepts the advantages of becoming a self-insurer of worker's compensation benefits must also obey a hearing officer's order to pay such benefits, absent a stay. In considering this issue, we recognize that because it is a procedural question, an "independent appellate review, as opposed to a more deferential standard of review, is appropriate." SIIS v. Partlow-Hursch, 101 Nev. 122, 696 P.2d 462 (1985).

### Discussion

The Nevada Industrial Insurance Act imposes an affirmative duty on self-insured employers to provide compensation due employees "in the manner provided by this chapter." NRS 616.272. The self-insured employer is also "subject to the regulations of the department." *Id.* The Act mandates that each employee "shall be entitled to receive, and *shall receive promptly*" accident benefits. NRS 616.515 (emphasis added). Because the statutes impose a duty on self-employed insurers to pay benefits promptly, and because Fought and Buzick were not paid for a period of at least 18 months, we must carefully scrutinize Circus Circus' handling of these claims in light of the governing statutes, agency regulations, and opinions issued by this court.[1]

There is no applicable statute expressly governing the time payment of benefits subsequent to a determination by a hearing officer that they must be paid. There is, however, an agency regulation which states that "the decision of a hearing officer becomes final and binding on all parties 60 days after the date of

---

[1]At the time of oral argument, Buzick had just been paid the benefits ordered by the hearing officer, after an 18 month delay. However, no benefits had yet been tendered to Fought. The delay to her, then, may well be in excess of 18 months.

the decision." Rule XIV, Hearings Division Rules.[2] Because the hearing officer decision is final and binding, compliance with it is mandatory and Circus Circus must obey the order, absent a stay. The agency regulations unequivocally provide that "[t]he filing of an appeal does not in itself stay enforcement of the hearing officer's decision." *Id.* Counsel for Circus Circus apparently recognized their obligation to request a stay from the hearing officer, but then, even after the denial of that request, continued to advise their client to withhold benefits from its employees.[3] This advice was not sound. Based on the controlling statutes and agency regulations, a self-insurer, like the SIIS itself, in the absence of a stay *must* make prompt payments of benefits to employees once a hearing officer has so ordered.

Counsel for Circus Circus misconstrue and improperly rely on our recent decision in *Sleeper*, 100 Nev. at 267, 679 P.2d at 1273. *Sleeper* does not stand for the proposition that the hearing officer's decision has no validity. In *Sleeper*, the district court adjudged the SIIS in contempt for its failure to hold proceedings subsequent to those of the hearing officer, even though none had been requested by the injured worker. We held that because the worker had not pursued his administrative remedies (the hearing before the appeals officer), the district court was without jurisdiction to consider the contempt action against the SIIS.

In the case before us, Circus Circus did not comply with *its* administrative remedies. It could have filed for a request for a stay from the appeals officer, but never made such a request. Rather, as in *Sleeper*, it chose to go to the district court for relief. Fought and Buzick, on the other hand, satisfied their administrative remedies. They each requested protection from the tactics employed by the attorneys for Circus Circus before the hearing officer, the appeals officer, and the district court. Thus, the lower court was not without jurisdiction to consider the failure of Circus Circus to comply with the hearing officer's order.

Our previous decisions have stressed the need for worker's

---

[2] Counsel for Circus Circus unpersuasively argue that these regulations are not binding on their client. The regulations have been filed with the Secretary of State, and bear the "authenticated file stamp" which raises a "rebuttable presumption that the regulation was adopted and filed in compliance with all requirements necessary to make it effective." NRS 233B.090. Our review of the record indicates that Circus Circus introduced no evidence to overcome this presumption of validity. Accordingly, the regulations are effective, and binding on Circus Circus.

[3] We believe that Circus Circus' attorneys must have recognized that the request for a stay was a procedural requirement to the noncompliance of a hearing officer's order, or they would not have filed the request. We dismiss as self-serving counsel's characterization of the request for a stay as a "mere courtesy."

compensation determinations to be consistent with Nevada's public policy of favoring the injured worker, who gives up his or her right to a tort remedy against an employer in exchange for the protections of the worker's compensation system.

> Nevada's [worker's] compensation laws reflect a clear *public policy favoring economic security for employees* injured while in the course of their employment. It has been a long-standing policy of this Court to liberally construe such laws to protect injured workers and their families.
>
> Unquestionably, compensation laws were enacted as a humanitarian measure. The modern trend is to construe the industrial insurance acts broadly and liberally, to protect the interest of the injured worker and his dependents. A reasonable, liberal and practical construction is preferable to a narrow one, since these acts are enacted for the purpose of giving compensation, not for the denial thereof.
>
> Nevada Industrial Commission v. Peck, 69 Nev. 1, 10-11, 239 P.2d 244, 248 (1952).

Hansen v. Harrah's, 100 Nev. 60, 63, 675 P.2d 394, 396 (1984). (Emphasis added.)

If the hearing officer's determination that benefits must be paid were rendered automatically meaningless until the administrative process is complete, as counsel for Circus Circus argue, then the public policy reflected in our worker's compensation scheme would be aborted. The Act mandates prompt payment to injured employees. The agency regulations specify that the hearing officer's order is binding, absent a stay. Our opinions have reinforced the need for a liberal application of the statutes and regulations, in favor of the injured worker and the worker's economic security. Self-insured employers are not excepted from the law in this State. When a self-insured employer elects to accept the benefits of administering its own worker's compensation program, in exchange for relief from tort liability, it must assume the burdens. One of the burdens of the system is the prompt payment of benefits, and if payment is determined to be unwarranted, the self-insurer must seek reimbursement of benefits it paid. The self-insured employer is protected by the system in the same manner as is the SIIS: it must pay the benefits until a stay order is issued, or until an appeal determines the injury is not compensable. If the stay order is denied, as was the case here, the self-insured employer must not deny the injured worker the prompt payments mandated by worker's compensation statutes, agency regulations and the decisions by this court. The self-insured employer is obligated to act as the SIIS would do in like circumstances. Merely because the appeal process may take quite some time, the self-insured employer cannot properly delay payment, thereby "starving out" its injured employee and violating

the public policy established by our worker's compensation scheme. Along with the benefits of being a self-insurer, this is one of the burdens accepted: the employer must pay the claim and seek recovery later if payment is in error, thus assuring the employee some measure of economic security. The injured employee must not be forced to survive on no income for whatever time the employer may expend in pursuing the appeal process.

[Headnote 5]

Accordingly, the judgments of the district court in these appeals is reversed. The cases are remanded to the lower court to reinstate the orders of the hearing officer and the appeals officer and the fine assessed by DIIR.[4]

---

[4]Following reinstatement, however, we believe it would be appropriate for the Department of Industrial Insurance Regulation to reconsider the fine imposed on Circus Circus, if a motion for such relief is promptly tendered. We note that the record herein strongly suggests that the inappropriate strategy employed herein was conceived by counsel, who should have realized they were placing their client at risk, rather than by the management of Circus Circus. If this be the case, then inasmuch as this court has not previously had the occasion to remove all possible question about the issue, we deem it appropriate for the DIIR to consider relieving Circus Circus from the fine heretofore imposed.