JAMES R. RANSIER, APPELLANT, *v.* STATE INDUSTRIAL INSURANCE SYSTEM, AN AGENCY OF THE STATE OF NEVADA, AND FREHNER CONSTRUCTION COMPANY, A NEVADA CORPORATION, RESPONDENTS.

No. 18003

December 29, 1988                    766 P.2d 274

*Barbara Gruenewald,* Industrial Claimants Attorney, Carson City, and *Jeffrey A. Feldman,* Deputy, Las Vegas, for Appellant.

*Pamela Bugge,* General Counsel, Carson City, *Virginia L. Hunt,* Associate General Counsel, Las Vegas; and *John J.*

*McCune, Michael B. Springer* and *Timothy E. Rowe,* Reno, for Respondents.

## OPINION

By the Court, MOWBRAY, J.:

Appellant James R. Ransier filed a claim with the State Industrial Insurance System for a knee injury. The appeals officer reduced Ransier's award because of a previous knee injury. The district court affirmed that decision.

Ransier contends the district court should not have apportioned his award between the two injuries. As substantial evidence supports the apportionment, we affirm that decision. Ransier also contends that SIIS may not seek recoupment of benefits paid him that were later found unwarranted on appeal. We agree and reverse the district court judgment against Ransier for the amount of funds overpaid to him by SIIS.

Ransier, a carpenter employed by respondent Frehner Construction Company, injured his left knee at work in 1984. Surgery had been performed on the same knee in 1960 for the removal of cartilage. No documents concerning the 1960 injury were locatable. However, Ransier's knee developed osteoarthritis as a result of the first operation and the body's aging process.

Ransier's knee failed to respond to treatment after the 1984 injury and the knee joint was then replaced. Ransier's two SIIS evaluators apportioned his benefits between the two accidents

because Ransier's 1984 injury could not have caused osteoarthritis of the advanced magnitude present in the knee in 1984. The physicians also found that although Ransier had no pre-1984 medical records, Ransier's condition clearly reflected the damage attributable to each injury.

The hearing officer, however, held that insufficient evidence supported the apportionment and awarded Ransier a full impairment. The appeals officer reversed that decision and reinstated the doctors' decisions. The appeals officer found substantial evidence that Ransier experienced advanced osteoarthritis before the 1984 injury and was entitled only to a fifty percent impairment under the law. The district court affirmed that decision. Ransier appeals that award.

## I.

Ransier contends that insufficient evidence supports the appeals officer's decision to apportion Ransier's medical disability. When a worker's post-injury impairment is due to both the immediate injury and a pre-existing injury, compensation may only be paid for that portion of the impairment reasonably attributable to the current injury. *See* Nevada Administrative Code § 616.650(1). NAC 616.650(6) specifies that for "pre-existing conditions, such as degenerative arthritis," apportionment "must be supported by documentation concerning the scope and nature of the impairment which existed before the industrial injury or the onset of the disease."[1] Physicians shall "always explain the underlying basis of the apportionment as specifically as possible by citing pertinent data in the medical or other records." NAC 616.650(7). Absent documentation pursuant to NAC 616.650(6) or NAC 616.650(7), "the impairment may not be apportioned." NAC 616.650(8).

Although no documents exist concerning Ransier's prior injury, both treating physicians found Ransier's two injuries to be distinguishable. Ransier's twisted knee in 1984 differed greatly

---

[1] Ransier contends that NAC 616.650(6) requires historical documentation from the pre-existing injury before the current injury can be properly apportioned. In NAC 616.650(6) the clause "which existed before the industrial injury or the onset of the disease" refers to the impairment and not the documentation. NAC 616.650(6) does not require historical documentation, only "documentation concerning the scope and nature of the impairment," which can come, as here, from examination at the time of the second injury. We note, however, that the physicians must still specifically explain the underlying basis of apportionment with reference to medical or other records. *See* NAC 616.650(7).

from his osteoarthritic degeneration. The two physicians found that the twisted knee could not have caused degenerative osteoarthritis on the scale suffered by Ransier. The appeals officer and the district court found competent evidence supporting the physicians' decision to apportion Ransier's injuries between the 1960 and 1984 accidents. The record demonstrates that the apportionment of Ransier's award by the appeals officer was not arbitrary and capricious. *See* SIIS v. Swinney, 103 Nev. 17, 731 P.2d 359 (1987); Nevada Indus. Comm'n v. Hildebrand, 100 Nev. 47, 675 P.2d 401 (1984). We accordingly affirm the apportionment decision.

Ransier next contends that his rating physicians improperly used the 1984 edition of the American Medical Association's Guides to the Evaluation of Permanent Impairment ("AMA ·Guide"), rather than a previous edition in effect when he was injured. the latter edition, if used, would have provided an increased disability. NRS 616.625 provides that "[e]xcept as otherwise provided by specific statute, the amount of compensation and benefits . . . must be determined as of the date of the accident or injury to the employee. . . ." NRS 616.605(2), however, specifically provides that physicians must use the AMA Guide in "the form most recently published." When Ransier was evaluated in 1985, the 1984 AMA Guide was "the form most recently published." Ransier's physicians properly used the 1984 AMA Guide when they made their evaluations.

## II.

Ransier received a lump sum award after the hearing officer's decision to award a full knee disability. After Ransier's award was reduced on appeal, SIIS initiated an action to recoup that portion of the original award to which Ransier was no longer entitled. SIIS obtained a judgment against Ransier for the $19,655.56 difference. Ransier contends that absent statutory authority, SIIS cannot recoup contested benefits that were paid, but thereafter ruled unjustified on appeal.

We held in Weaver v. SIIS, 104 Nev. 305, 756 P.2d 1195 (1988), that:

> Chapter 616 of the Nevada Revised Statutes sets forth a comprehensive system for the compensation of industrial injuries. Because the system is uniquely legislative in nature, and alters the common law rights and liabilities of both employees and employers, we have previously refused

to disturb the delicate balance created by the legislature by implying provisions not expressly included in the legislative scheme.

*See also* Goldstine v. Jensen Pre-Cast, 102 Nev. 630, 729 P.2d 1355 (1986). There is no statutory authority within the workers' compensation act that authorizes suits by SIIS to recover erroneously paid benefits.

We said in Dep't Ind. Relations v. Circus Circus, 101 Nev. 405, 411-12, 705 P.2d 645, 649 (1985), that:

One of the burdens of the system [for self-insurers] is the prompt payment of benefits, and *if payment is determined to be unwarranted, the self-insurer must seek reimbursement of benefits it paid.* The self-insured employer is protected by the system in the same manner as is the SIIS: it must pay the benefits until a stay order is issued, or until an appeal determines the injury is not compensable. . . . The self-insured employer is obligated to act as the SIIS would do in like circumstances. . . . Along with the benefits of being a self-insurer, this is one of the burdens accepted: *the employer must pay the claim and seek recovery later if payment is in error.* . . . (Emphasis supplied.)

SIIS contends that *Circus Circus* grants it the right to recover payments later determined to be unwarranted. SIIS sees the inability to recover benefits paid but found unwarranted on appeal as a "no-win" situation: absent a financial incentive to appeal unwarranted payments, the appeals process is useless.[2] Tansier contends that SIIS may do nothing more than request a voluntary return of the overpayment.

Worker's compensation laws must be liberally construed and broadly interpreted to protect injured workers. *See Circus Circus,* 101 Nev. at 410-11, 705 P.2d at 648 (1985); Industrial Commission v. Peck, 69 Nev. 1, 239 P.2d 244 (1962). Although SIIS forwards valid policy reasons to allow recoupment, we cannot justify the inclusion of a new cause of action to enforce a substantive right that is unsupported by any fair reading of the statutory scheme. Moreover, we note that *Circus Circus* involved recoupment by a private self-insurer, not a claim paid by SIIS.[3] Further, Ransier has done no wrong; he asked only for a lump sum payment to support his family during his rehabilitation

---

[2]We do not consider a situation where benefits are gained through fraud. Such benefits may be recovered pursuant to NRS 616.675.

[3]We do not decide today what right a self-insured employer may have to seek recoupment of funds under similar facts.

period. Finally, although SIIS supports the policy of liberal construction of the laws to protect workers, such a construction in the instant case would place Ransier in the untenable position of using the benefits paid to him at the risk of having to repay them at a point when his family resources were even more greatly stressed.

We hold that SIIS cannot recoup funds properly paid to a claimant pending an appeal, which are later found to be unwarranted after the appeal.[4] We accordingly affirm the district court judgment that apportions Ransier's award, and instruct the district court to vacate the $19,655.56 judgment entered against Ransier.

GUNDERSON, C. J., YOUNG, STEFFEN, and SPRINGER, JJ., concur.

---

[4]There are no reported court decisions contrary to this conclusion. *See, e.g.,* Tompkins v. George Rinner Construction Co., 409 P.2d 1001 (Kan. 1966) (payments made pending appeal not recoverable without statutory authority in workmen's compensation act); American Mut. ins. Companies v. Murray, 420 A.2d 251 (Me. 1980) (no implied right of recovery for unjust enrichment for money paid pending appeal and found undeserved); Matter of Johner, 643 P.2d 932 (Wyo. 1982); Kerans v. Industrial Com'n of State of Utah, 713 P.2d 49 (Utah 1985).