ROSE WYPHOSKI, Appellant, *v.* SPARKS NUGGET, INC., Respondent.

No. 23323

April 30, 1996          915 P.2d 261

*Nancyann Leeder,* Attorney for Injured Workers, *Larry Yenko,* Deputy, Carson City, for Appellant.

*Piscevich & Fenner,* Reno; *Richard L. Davenport,* Sparks, for Respondent.

# OPINION

By the Court, Springer, J.:

The issue on this appeal is whether a self-insured employer may prosecute a civil action to recoup workers' compensation benefits that it paid to an employee and which are subsequently determined to be unwarranted. We have already held in Ransier v. SIIS, 104 Nev. 742, 766 P.2d 274 (1988), that the State Industrial Insurance System ("SIIS") cannot recoup funds properly paid to

a claimant pending appeal, when the payments are later found to be unwarranted after appeal. Although respondent, Sparks Nugget, is a private, self-insurer, it also is subject to the rule in *Ransier;* therefore, we reverse the district court's order and deny recoupment.

In *Ransier,* the claimant was paid $19,655.56; on appeal, this sum was ruled unjustified. 104 Nev. at 745, 766 P.2d at 276. There is an inherent injustice in allowing a claimant to keep funds to which he is not legally entitled, and we recognized in *Ransier* that there are "valid policy reasons to allow recoupment." Nevertheless, in *Ransier,* we concluded that a cause of action to enforce such a recoupment claim by SIIS was "unsupported by any fair reading of the statutory scheme." *Id.* at 746, 745 P.2d at 277.

The Nugget argues that as a private insurer, denial of its right to recoup payment of an unjustified claim violates its constitutional right to due process of law. According to the Nugget, once the court ruled that Wyphoski's physical problem was not industrially related, the Nugget had an absolute property right to recoup the funds paid under the false assumption that Wyphoski was entitled to industrial compensation.[1]

The trial court and the Nugget agree that under *Ransier,* SIIS cannot recoup funds properly paid to a claimant pending an appeal when the funds are later found to be unwarranted. We conclude that a self-insurer is similarly precluded from recouping such funds. Here, the Nugget voluntarily chose to be a self-insurer; it has no greater rights than SIIS to recoup payments already made. The Nugget does, however, raise other issues which must be addressed.

In *Ransier,* we noted in dictum that "Ransier has done no wrong," *id.* at 746, 766 P.2d at 277, and implied that this fact entered into our decision to deny SIIS the right to recoup funds that had been "unjustified." The Nugget argues that the *Ransier* rule should not be applied in this case because Wyphoski "had been advised by several treating physicians" that the pain in her wrist "did not relate to her employment." The Nugget urges us to adopt a rule allowing recoupment in cases in which a doctor tells the claimant that her injury is not work-connected. We decline to modify *Ransier* and leave it to the legislature to balance the

---

[1]We are told by counsel for the Nugget that it is unfair to deny recoupment in this case because the recoupment would, in reality, be funded by Wyphoski's insurance carrier. The source of a recoupment payment, however, does not affect our holding in *Ransier* that funds already paid to a claimant cannot be recouped.

interests of the claimants and insurers in these kinds of difficult cases.[2]

Based upon our holding in *Ransier,* we reverse the order of the trial court and deny the Nugget's claim for recoupment. Wyphoski's request that the Nugget be sanctioned for its allegedly intentional disregard of the hearing officer's order is denied.

YOUNG, SHEARING, and ROSE, JJ., concur.

STEFFEN, C. J., dissenting:

Respectfully, I dissent.

The majority states that "[t]here is an inherent injustice in allowing a claimant to keep funds to which he is not legally entitled, and we recognized in *Ransier*[1] that there are 'valid policy reasons to allow recoupment.'" I agree. However, I reluctantly joined with the majority in *Ransier* denying relief to SIIS primarily because of our focus on the plight of a claimant who has received and expended his worker's compensation, only to be subject to a judgment of recoupment after his award is later overturned on appeal.

Although I still sympathize for the worker under such circumstances, I am no longer able to accept as a valid principle of law or equity that one who is not entitled to receive compensation, but who has nevertheless succeeded in obtaining an award, is able to retain the unjustifiable windfall achieved at the expense of another. This is so despite the great disparity between the personal assets of the employee on the one hand, and his or her employer or the State Industrial Insurance System (SIIS) on the other.

As a practical matter, it would probably be comparatively rare when either SIIS or a self-insured employer would be able to

---

[2]*Ransier* is based principally on the legislature's failure to create a new cause of action to cover these kinds of situations. Although it can be argued that NRS 616.5435(2) might reveal some intention on the part of the legislature to allow recoupment in cases like the one at bar, the Nugget's counsel concedes in her answering brief that "[a]lthough NRS 616.5435(2) creates an offset against certain future benefits, it does not purport to address the situation where, as here, there are no future benefits from which such amounts may be deducted." She also concedes: "Likewise, although NRS 616.563 and NRS 616.675 address situations involving entitlement to reimbursements or deduction from benefits in cases of willful misrepresentation or concealment of a material fact, they do not purport to address the situation where, as here, there is no such willful misrepresentation or concealment." Absent legislative intervention, we continue to honor the rule established in *Ransier.*

[1]Ransier v. SIIS, 104 Nev. 742, 766 P.2d 274 (1988).

recoup payments unjustifiably paid to a claimant. Nevertheless, a judgment for recoupment should be provided to SIIS or the self-insured employer who has been vindicated on appeal.

In the case of Dep't of Ind. Relations v. Circus Circus, 101 Nev. 405, 705 P.2d 645 (1985), we properly required the prompt payment of benefits to claimants notwithstanding a pending challenge to the propriety of the award in the court system. We noted, however, that if the self-insured employer prevailed on appeal, its remedy was to seek recovery by way of recoupment. This rule was later recognized in Imperial Palace v. Dawson, 102 Nev. 88, 715 P.2d 1318 (1986), and more recently in Falline v. GNLV Corp., 107 Nev. 1004, 823 P.2d 888 (1991). Then, in *Ransier,* we in effect said "April Fools," and declared to an undoubtedly amazed SIIS that recoupment was not available despite a successful ruling by this court on the underlying merits of its appeal. Predictably, the instant case now also slams the door on self-insured employers who were previously informed in *Circus Circus* that recoupment for unwarranted payments would be the available remedy for prevailing on appeal.

I believe that this court undermines the fundamental principle of our civil justice system that "where there is a wrong there is a remedy," when it denies *the availability* of even paper relief to an injured party who prevails on appeal. Perhaps a compromise could be achieved if, in these difficult cases, the Legislature would require that all employers share equally in the cost of unwarranted compensation. That would at least eliminate the imposition of a personal welfare burden on single employers whose accounts are charged with compensation payments that were awarded in error. Barring this, such employers should at least have the prospect of an offset in the event of future claims (probably the most likely of the remote practical effects of a judgment for recoupment).[2] If the offset proved to be a significant

---

[2]The Legislature, in enacting NRS 616.5435 provided, in pertinent part, that:

> If the final resolution of the claim is in favor of the insurer or employer, any amount paid to the claimant in excess of the uncontested amount must be deducted from any future benefits *related to that claim,* other than medical benefits, to which the claimant is entitled. The deductions must be made in a reasonable manner so as not to create an undue hardship to the claimant.

(Emphasis added.)

Of course, the referenced statute has no application to the instant case since it was determined that the claimant did not suffer from an industrial-related injury. Therefore, there will be no further payments *related to that claim,* and thus no specific right of offset is granted by this statute. However, it is certainly impossible to conclude from this statute, that the Legislature intended that SIIS or self-insured employers would have no right of offset or recoupment from payments made to a claimant outside the workers' compen-

burden on the worker, presumably the State has other sources of welfare available in such cases, where the effect of the burden would be shared by a much larger pool of taxpayers. In any event, I suggest that it is unfair that a vindicated employer be penalized for paying compensation later determined to be unjustified.

For the reasons noted above, and others not discussed, I am in full agreement with the district court's reasoning, including the determination that since it was undisputed that the claimant did not suffer from either an industrial injury or illness, she was outside the ambit of the workers' compensation scheme, and the Nugget was therefore entitled to prosecute a civil action to recoup the monies that it had been forced to pay her. I also agree with the Nugget that under the circumstances of this case, where the Nugget is forced to absorb a loss not required by law, without the possibility of recoupment, there has been a denial of due process.

sation scheme. Where, as here, it has been determined beyond cavil, that payments were exacted from the self-insured employer for an injury suffered by an employee that had no causal relationship to his employment, the right of recoupment is manifest. There is simply no basis in law for holding the employer responsible for such payments, which is precisely what the majority does in denying the employer a right of recoupment.