*920 OPINION

Per Curiam:

This original proceeding stems from an appeal in a case concerning a complaint for partition or sale of certain Clark County real property. In that case, this court reversed the district court’s judgment transferring the property from petitioners to real parties in interest through a judicial sale and remanded the matter to the district court for further proceedings. When petitioners took steps to undo the judicial sale in light of the court’s order, real parties in interest obtained a temporary restraining order from a different district court department, barring petitioners from further challenging the judicial sale. The temporary restraining order was premised on the general principle that valid judicial sales to bona fide purchasers survive appellate reversals. Petitioners are seeking a writ of mandamus directing the district court to vacate its temporary restraining order, allowing them to continue with their efforts to reacquire the property.
In considering this petition, we clarify that bona fide purchasers at judicial sales are not protected under the general principle that judicial sales survive appellate reversals if the district court lacked jurisdiction to order the sale. In this situation, judicial sales may be challenged collaterally or in remanded proceedings in the original action.
Here, before ordering petitioners’ property sold in the partition action, the district court improperly denied petitioners’ motion to dismiss the action pursuant to NRCP 41(e)’s requirement that an action be brought to trial within five years from the date that a complaint is filed. After the five-year deadline for bringing the case to trial expired, dismissal was mandatory under that rule. Thus, we conclude that the district court lacked jurisdiction to take the partition action to judgment and order the judicial sale of petitioners’ real property. Accordingly, the judicial sale is void, and we grant this petition.

FACTS AND PROCEDURAL HISTORY

The partition action

In 1974, petitioners H. Bruce and Sue Ann Cox, together with Reed Scott, his wife, and another couple, purchased a 9.34-acre parcel of land in the Gilcrease Ranch area of Clark County. The couples agreed to divide the land into six irrigable basins, taking an individual interest in two basins apiece. The deed, however, mistakenly conveyed the six basins as a single parcel, giving each *921 couple an equal undivided interest in the whole parcel as joint tenants. The deed was never reformed.[1]
On March 31, 1999, claiming that the couples were tenants in common, Scott brought an action before respondent District Judge Jackie Glass in Department 5 to have the entire 9.34-acre parcel partitioned or sold under NRS Chapter 39.[2] The Coxes answered Scott’s complaint, opposed a sale, and asserted various counterclaims and defenses. Thereafter, except for an isolated discovery request and a renewed motion for partition or sale, the case lay dormant for over three years, until the parties tentatively agreed to partition the property at a settlement conference.

NRCP 41 (e) violation

On March 31, 2004, NRCP 41(e)’s five-year deadline for bringing the case to trial expired, and the case was closed with no motions pending. Nevertheless, Scott moved to re-calendar the case and for reconsideration of his motion for partition or sale. The Coxes responded by moving to dismiss under NRCP 41(e) for want of prosecution. The district court denied the Coxes’ motion to dismiss, wrongly believing that the rule’s five-year period was tolled by the parties’ settlement conference, and re-calendared the case.

Summary judgment and order of sale

At a June 9, 2004, hearing, the district court granted Scott’s motion for reconsideration of his motion for partition or sale and orally ordered the 9.34-acre parcel to be sold through a judicial sale. Around this time, Scott found a buyer for the parcel, real parties in interest Michael and Paula Gaughan. Meanwhile, the Coxes unsuccessfully moved to stay the sale, then filed a notice of appeal to this court on July 9, 2004.
On July 16, 2004, the district court entered a written order granting summary judgment to Scott. The order also acted as a self-executing order of sale by purporting to transfer title to the 9.34-acre parcel to the Gaughans, “irrevocably ... as if all of the parties had signed an agreement of sale.’ ’ After this order was entered, the Gaughans paid the purchase price into escrow, which the district court later distributed to the parties. While the other parties to the partition action accepted their share of the sale proceeds, the Coxes refused payment.
*922 Despite their refusal to collect payment, escrow closed on August, 2, 2004, leaving the Coxes an unclaimed balance of $986,375.83. The same day, unbeknownst to the Coxes, the Gaughans recorded the district court’s July 16 order, purporting to complete the sale. Although the sale was allegedly complete, the Coxes renewed their motion to stay the sale with this court, arguing that the object of their appeal in the partition action would be defeated if the stay was denied. On August 4, 2004, while the stay motion was pending, the Gaughans served notice on the Coxes that the district court’s July 16 order had been entered transferring the Coxes’ land to them. On September 14, 2004, the court denied as moot the Coxes’ motion to stay the sale.

Order of reversal and remand in the partition action

On appeal, a panel of this court reversed the district court’s July 16 summary judgment, concluding that it should have dismissed Scott’s partition action under NRCP 41(e) for want of prosecution. Although not a dispositive ground for reversal, the panel further noted that summary judgment was improper because “a number of issues of material fact . . . remained] unresolved,” most notably “the nature and scope of the parties’ interests in the . . . property” and whether the judicial sale complied with NRS Chapter 39. The panel remanded the case to Department 5 for further proceedings consistent with its order.

Remanded proceedings

After succeeding on appeal, the Coxes recorded the panel’s order, effectively clouding the Gaughans’ title. In response, before the Coxes could further challenge the Gaughans’ interest in the property, the Gaughans brought a quiet title action in Department 11 before respondent District Judge Elizabeth Goff Gonzalez, including claims for declaratory and injunctive relief, and applied for a temporary restraining order to enjoin the Coxes from taking any action that might interfere with the Gaughans’ claim of ownership, including continuing with any proceeding intended to reacquire the property in a different district court department.
In their application, the Gaughans claimed that they would succeed on the merits of each of their substantive claims since, as bona fide purchasers, their purchase of the 9.34-acre parcel was final, even though the summary judgment order authorizing the sale in the partition action had been reversed. Relying on the panel’s dispositional order, the Coxes responded that the judicial sale could be challenged as void since Department 5 lacked jurisdiction to order the sale after ignoring its mandatory duty to dismiss the case under NRCP 41(e).
Noting that the panel’s order failed to use the terms ‘ ‘void’ ’ or “jurisdiction,” Department 11 disagreed with the Coxes’ position *923 and granted the Gaughans’ application for a temporary restraining order, which it extended for 90 days pending a consolidated preliminary injunction hearing and trial on the merits regarding the Gaughans’ claim for injunctive relief. This petition followed.

DISCUSSION

The primary issue raised in this petition is whether a judicial sale to a bona fide purchaser may be challenged collaterally or in remanded proceedings after the judgment in the partition action that led to the judicial sale is reversed on appeal. Separately, we consider the jurisdictional implications of NRCP 41(e)’s requirement that an action be brought to trial within five years from the date that a complaint is filed.

Standard of review

When petitioners lack a plain, speedy, and adequate legal remedy, this court may issue a writ of mandamus “to compel the performance of an act which the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion.”[3] Since mandamus is an extraordinary remedy, it is within our sole discretion to determine if a petition will be considered.[4]

Challenging judicial sales collaterally or in remanded proceedings

In their petition, the Coxes argue that the judicial sale to the Gaughans is void for lack of jurisdiction and therefore subject to challenge in renewed proceedings following our order of reversal and remand in the partition action. By contrast, the Gaughans allege that they are entitled to retain the entire 9.34-acre parcel of land since they relied in good faith on Department 5’s summary judgment when purchasing the property even though that judgment was ultimately reversed.
According to the majority of jurisdictions that have considered an issue similar to the one presented in this case, judicial sales to bona fide purchasers are accorded finality even if the underlying judgment is reversed on appeal.[5] Although recognized at common law or by statute or court rule in these jurisdictions,[6] the well- *924 established policy of protecting the title of bona fide purchasers at a judicial sale has not been codified in the positive law of this state, nor has it ever been squarely addressed in a published decision by this court.
Nevertheless, both parties intimate that we may have spoken on this issue in Martin v. Victor M. & M. Co., an 1886 decision considering whether — under Section 339 of Nevada’s now-defunct Civil Practice Act — a valid execution sale could be set aside when the amount of the underlying judgment was reduced on appeal.[7] While each party cites this decision in its favor, Martin’s significance is limited to its facts since, in that case, the court was construing an extinct statutory provision and did not address a situation in which, like here, the judicial sale itself may have been void. Therefore, we do not consider Martin to be controlling of the circumstances presented in this petition.
Instead, to the extent that our caselaw fails to offer clear guidance on the issue, we now recognize that judicial sales to bona fide purchasers generally are not subject to later challenge if an underlying judgment is reversed on appeal. This general principle operates to encourage the productiveness of judicial sales by settling the commercial expectations of purchasers and other parties involved in these transactions.[8] This general principle, however, while reflective of a policy firmly established in the common law, is not unconditional and is subject to one well-recognized exception relevant to this case. Although as a general matter judicial sales to bona fide purchasers will survive appellate reversals, these sales may be challenged collaterally or in remanded proceedings in the original action if the order of sale was void.[9]

The jurisdictional implications of NRCP 41(e)

Having recognized this exception, we address the Coxes’ assertion that the judicial sale in this case is void because Department 5 ordered it without jurisdiction after improperly denying their motion to dismiss under NRCP 41(e). Because dismissal was mandatory at the time that their NRCP 41(e) motion was brought,[10] the *925 Coxes contend that Department 5 lacked jurisdiction beyond that point to take the partition action to judgment and order the sale. We agree.
NRCP 41(e) requires a district court to dismiss an action if it is not brought to trial within five years after it was commenced.[11] Here, the partition action was commenced on March 31, 1999. Five years later, on March 31, 2004, the period for bringing the case to trial under NRCP 41(e) expired. Thereafter, the Coxes moved to dismiss the action for lack of prosecution under NRCP 41(e). Wrongly assuming that the parties’ earlier participation in a failed settlement conference tolled the rule’s five-year time limit,[12] the district court denied the Coxes’ motion and entered summary judgment purporting to transfer title to the 9.34-acre parcel of land to the Gaughans.
As an initial matter, the jurisdictional implications of an NRCP 41(e) violation present an issue of first impression. Despite a wealth of caselaw reciting the mandatory nature of the duty to dismiss under NRCP 41(e), the rule does not mention “jurisdiction” and none of our cases explicitly discuss NRCP 41(e) in jurisdictional terms.
Nevertheless, we conclude that once an NRCP 41(e) motion has been brought, but improperly denied, district courts lack further jurisdiction to take an action to judgment on its merits. Any subsequent orders entered by district courts going to the merits of an action are in excess of their jurisdiction and, therefore, void.[13] Although this conclusion will undoubtedly prompt greater vigilance on the part of district courts in monitoring the tolling of NRCP 41(e)’s five-year deadline, the consequential loss of jurisdiction comports with a history of strictly enforcing NRCP 41(e)’s clear and unambiguous requirement that an action be dismissed if it is *926 not brought to trial within five years after the complaint is filed.[14] Once a motion to dismiss under the rule has been properly interposed, a district court is without further discretion to rule in a case, except as to collateral matters or in determining whether dismissal should be with or without prejudice.[15]
Based on the above, because NRCP 41(e)’s five-year deadline for bringing this case to trial had expired and the Coxes properly moved to dismiss the case under that rule, the district court was required to dismiss the case and, thus, lacked jurisdiction in the partition action to order the judicial sale. Accordingly, Department 5’s order of summary judgment directing the judicial sale of the 9.34-acre parcel to the Gaughans was void, and correspondingly, Department 11 manifestly abused its discretion when it issued the temporary restraining order enjoining the Coxes from taking steps to reacquire the property in another judicial department.

Setting aside judicial sales in direct proceedings

In the underlying partition action, the court reversed the district court’s order of summary judgment directing the sale because the district court failed to dismiss the action under NRCP 41(e) for want of prosecution. The order went on to note, however, that summary judgment in the partition action appeared improper since a number of factual issues, including issues of title, still remained to be resolved.
Misconstruing this dictum as an adjudication of the merits of the sale itself, the Coxes assert that the Gaughans have no valid claim of ownership in the 9.34-acre parcel of land. But we did not resolve whether the sale complied with the requirements set forth in NRS Chapter 39, and we make no determination with respect to the merits of the sale here.

CONCLUSION

Because NRCP 41(e)’s five-year prescriptive period had run in the partition action, Department 5 lacked jurisdiction in the parti *927 tion action to enter its order of summary judgment purporting to sell the Coxes’ land to the Gaughans. Department 11 manifestly abused its discretion when it entered the temporary restraining order to enjoin the Coxes from attempting to reacquire the property. Accordingly, we grant this petition, and we direct the clerk of this court to issue a writ of mandamus to Department 11, directing it to vacate its temporary restraining order. The Coxes may continue in the remanded proceeding to reacquire the property that was transferred to the Gaughans.

Despite the mistake in the deed, the Coxes developed their two basins into a farm and installed improvements, including an underground irrigation pipeline.

NRS Chapter 39 governs actions for the partition of real property.

Schuster v. Dist. Ct., 123 Nev. 187, 190, 160 P.3d 873, 875 (2007).

Id.

See, e.g., Arrow Sand and Gravel, Inc. v. Superior Court, 700 P.2d 1290, 1292 (Cal. 1985); City Bank v. Saje Ventures II, 748 P.2d 812, 814 (Haw. Ct. App. 1988); Spahi v. Hughes-Northwest, Inc., 27 P.3d 1233, 1236 (Wash. Ct. App. 2001); 47 Am. Jur. 2d Judicial Sales § 22 (2006).

See, e.g., Saje Ventures II, 748 P.2d at 814 (common law); Steinbrecher v. Steinbrecher, 759 N.E.2d 509, 518 (Ill. 2001) (court rule); J.A. Wendling, Inc. v. Dolder, 349 S.E.2d 915, 919 (W. Va. 1986) (statute).

 19 Nev. 197, 198-99, 9 P. 336, 337 (1886).

 See Steinbrecher, 759 N.E.2d at 518; Saje Ventures II, 748 P.2d at 814.

 See, e.g., Trustees of Cent. States v. LaSalle Nat., 542 N.E.2d 30, 31-32 (Ill. App. Ct. 1989); see generally Smith v. District Court, 63 Nev. 249, 256-57, 167 P.2d 648, 651 (1946) (explaining that void judgments are always subject to collateral attack), overruled on other grounds by Poirier v. Bd. of Dental Examiners, 81 Nev. 384, 404 P.2d 1 (1965), overruled on other grounds by Pengilly v. Rancho Santa Fe Homeowners, 116 Nev. 646, 648-49, 5 P.3d 569, 570-71 (2000); 50A C.J.S. Judicial Sales § 87 (1997).

 See Deal v. Baines, 110 Nev. 509, 513, 874 P.2d 775, 778 (1994).

NRCP 41(e) states, in pertinent part:
Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced ... on motion of any party . . . after due notice to the parties, unless such action is brought to trial within 5 years after the plaintiff has filed the action, except where the parties have stipulated in writing that the time may be extended.

See Morgan v. Las Vegas Sands, Inc., 118 Nev. 315, 320, 43 P.3d 1036, 1039 (2002) (acknowledging only two circumstances in which the prescriptive period of NRCP 41(e) is tolled).

Cf. Goodwyn v. Carter, 555 S.E.2d 474, 476 (Ga. Ct. App. 2001) (recognizing that orders entered after the passage of the five-year deadline requiring automatic dismissal are null and void for lack of jurisdiction). Notably, although there is no federal analogue to involuntary dismissal under NRCP 41(e), the jurisdictional implications of an NRCP 41(e) violation recognized above closely accord with the collateral effects of a voluntary dismissal under Fed. R. Civ. P. 41(a)(1). See Marques v. Federal Reserve Bank of Chicago, *926 286 F.3d 1014, 1018 (7th Cir. 2002) (recognizing that a judgment on the merits entered after a plaintiff has filed a proper Fed. R. Civ. R 41(a)(1) notice of dismissal is void); see also Gambale v. Deutsche Bank AG, 377 F.3d 133, 139 (2d Cir. 2004) (“[A] stipulation of dismissal signed by all parties pursuant to Rule 41(a)(1)(h) divests the court of its jurisdiction over a case.”); Commercial Space Management Co. v. Boeing Co., 193 F.3d 1074, 1077 n.4 (9th Cir. 1999) (“Once a notice of dismissal without prejudice is filed, the court loses jurisdiction over the case, and may not address the merits of [the] action or issue further orders.” (quoting 8 James Wm. Moore, et al., Moore’s Federal Practice § 41.33[6][e] (3d ed. 1999))).

See Morgan, 118 Nev. at 320, 43 P.3d at 1039; Johnson v. Harber, 94 Nev. 524, 526, 582 P.2d 800, 801 (1978); Thran v. District Court, 79 Nev. 176, 181, 380 P.2d 297, 300 (1963).

See Baker v. Noback, 112 Nev. 1106, 1110, 922 P.2d 1201, 1203 (1996).