134 Nev., Advance Opinion 10

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| K-KEL, INC., D/B/A SPEARMINT RHINO GENTLEMEN'S CLUB; OLYMPUS GARDEN, INC., D/B/A OLYMPUS GARDEN; SHAC, LLC, D/B/A SAPPHIRE; D. WESTWOOD, INC., D/B/A TREASURES; THE POWER COMPANY, INC., D/B/A CRAZY HORSE TOO GENTLEMEN'S CLUB, Appellants, vs. THE STATE OF NEVADA DEPARTMENT OF TAXATION; AND NEVADA TAX COMMISSION, Respondents. | No. 69886 FILED MAR 01 2018 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |

Appeal from a district court order denying consolidated petitions for judicial review in a tax matter. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

*Vacated and remanded.*

Greenberg Traurig, LLP, and Mark E. Ferrario, Las Vegas,
for Appellant SHAC, LLC, dba Sapphire.

Lambrose Brown and William H. Brown, Las Vegas,
for Appellants D. Westwood, Inc., dba Treasures; K-Kel, Inc., dba Spearmint Rhino Gentlemen's Club; Olympus Garden, Inc., dba Olympus Garden; and The Power Company, Inc., dba Crazy Horse Too Gentlemen's Club.

Adam Paul Laxalt, Attorney General, Joseph Tartakovsky, Deputy Solicitor General, William J. McKean, Chief Deputy Attorney General, David J. Pope, Senior Deputy Attorney General, and Vivienne Rakowsky, Deputy Attorney General, Carson City,
for Respondents.

18-08123

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, PARRAGUIRRE, J.:

In this appeal, we consider whether the district court erred in denying appellants' petitions for judicial review challenging a decision by the Nevada Tax Commission regarding a tax refund request. This court in *Deja Vu Showgirls of Las Vegas, LLC v. Nevada Department of Taxation* (*Deja Vu I*) held that "the sole remedy for a taxpayer aggrieved by a final decision from the Commission concerning a tax refund request under NRS Chapter 368A is to file a petition for judicial review pursuant to NRS 233B.130." 130 Nev. 711, 716, 334 P.3d 387, 390 (2014). We hold here that the district court lacked jurisdiction to consider appellants' petitions for judicial review because they were untimely. Therefore, we vacate the district court's order and remand for further proceedings.

*FACTUAL AND PROCEDURAL HISTORY*

Appellants are exotic dancing establishments challenging the constitutionality of Nevada's Live Entertainment Tax (NLET).[1] In 2006, appellants filed a de novo action (Case 1) with the district court arguing, in part, that the NLET was a facially unconstitutional tax scheme because it

---

[1]This appeal involves the same parties as the appeals in *Deja Vu I*, 130 Nev. 711, 334 P.3d 387, and *Deja Vu Showgirls of Las Vegas, LLC v. Nevada Department of Taxation*, 130 Nev. 719, 334 P.3d 392 (2014) (*Deja Vu II*). Accordingly, we briefly summarize the events leading to this review and focus on the facts most pertinent to the disposition of the instant appeal.

 

burdened protected free speech.[2] While Case 1 was pending, appellants filed individual tax refund requests with the Nevada Department of Taxation. The Department denied these requests, and appellants administratively appealed. The Nevada Tax Commission affirmed the Department's decision by written order on October 12, 2007.

In 2008, appellants filed a second de novo action (Case 2) in the district court, challenging the administrative denials of their refund requests. In 2011, the district court dismissed appellants' Case 2 de novo action for lack of subject matter jurisdiction because appellants failed to file a petition for judicial review, as required by Nevada's Administrative Procedure Act (APA).[3] In that same order, the district court granted appellants 30 days to refile the action as a petition for judicial review.

In compliance with the district court's order, appellants filed a petition for judicial review (Case 3) on September 23, 2011. Thereafter, appellants moved the district court for permission to present additional evidence to the Commission in order to supplement the administrative record. The district court granted the motion and remanded the matter to the Commission to review the additional evidence and determine whether such evidence warranted any change to the Commission's October 12, 2007, decision. The Commission in turn remanded the matter to an

---

[2]Appellants' challenge to the resolution of their Case 1 claims is addressed in *Deja Vu II*, 130 Nev. 719, 334 P.3d 392 (holding the NLET does not violate a taxpayer's free speech rights under the United States or Nevada Constitutions).

[3]Appellants' challenge to the district court's dismissal of their Case 2 de novo action is addressed in *Deja Vu I*, 130 Nev. 711, 334 P.3d 387 (holding that a petition for judicial review was the exclusive means of obtaining judicial review of the Commission's order affirming denial of tax refunds).

administrative law judge (ALJ) to "determine whether the findings of fact, conclusions of law, and final decision issued in 2007 should be amended, reversed, or affirmed." On remand, the ALJ affirmed the Commission's October 12, 2007, final decision. Thereafter, in a decision letter dated February 12, 2014, the Commission affirmed the ALJ's decision affirming the Commission's October 12, 2007, final decision.

On March 11, 2014, appellants filed a second petition for judicial review (Case 4), challenging the Commission's February 12, 2014, decision. Thereafter, the district court consolidated the Case 3 and Case 4 petitions for judicial review. On June 23, 2016, the district court issued an order affirming the Commission's October 12, 2007, and February 12, 2014, decisions and denying the consolidated petitions for judicial review. This appeal follows.

## DISCUSSION

In addressing the district court's order denying appellants' consolidated petitions for judicial review, we must first consider the threshold issue of jurisdiction raised by respondents. We conclude that appellants' Case 3 petition for judicial review was not timely filed, and therefore, the district court lacked jurisdiction to consider appellants' Case 3 petition. Consequently, the district court did not have authority to grant appellants an additional 30 days to refile, nor did it have authority to remand the matter to the Commission for consideration of additional evidence. We further conclude the Commission's decision on remand was necessarily void, and therefore the district court lacked authority to consider the merits of appellants' Case 4 petition.

*The district court lacked jurisdiction to consider appellants' petitions for judicial review*

Respondents argue that the district court did not have jurisdiction to consider appellants' Case 3 petition for judicial review, and thus, this entire case should be disposed of on jurisdictional grounds. In response, appellants contend the district court had jurisdiction to consider their Case 3 and Case 4 petitions for judicial review because (1) their Case 2 de novo action was timely filed, and the district court allowed them to refile the action as the Case 3 petition for judicial review to cure any deficiency; and (2) the Commission entered a subsequent order on February 12, 2014, from which they timely filed their Case 4 petition for judicial review. We agree with respondents.

"Courts have no inherent appellate jurisdiction over official acts of administrative agencies except where the [L]egislature has made some statutory provision for judicial review." *Crane v. Cont'l Tel. Co. of Cal.*, 105 Nev. 399, 401, 775 P.2d 705, 706 (1989). Accordingly, "[w]hen a party seeks judicial review of an administrative decision, strict compliance with the statutory requirements for such review is a precondition to jurisdiction by the court of judicial review, and [n]oncompliance with the requirements is grounds for dismissal." *Washoe Cty. v. Otto*, 128 Nev. 424, 431, 282 P.3d 719, 725 (2012) (second alteration in original) (internal quotation marks omitted). Thus, the filing requirements under the APA, including the time period for filing a petition, are "mandatory and jurisdictional." *Id.* at 434-35, 282 P.3d at 727.

This matter is analogous to *Otto, supra.* In *Otto*, Washoe County timely filed a petition for judicial review from a decision of the State Board of Equalization. 128 Nev. at 429, 282 P.3d at 723. The respondents moved to dismiss Washoe County's petition on the grounds that it failed to comply




with the APA's naming requirement.[4] *Id.* The district court denied the motion but ordered Washoe County to file an amended petition for judicial review that complied with the APA within 30 days. *Id.* at 430, 282 P.3d at 723-24.

On appeal, this court held that a party must strictly comply with the APA's pleading requirements, and because the original petition did not name all of the parties of record to the administrative proceedings, the district court lacked jurisdiction to consider Washoe County's original petition for judicial review. *Id.* at 434, 282 P.3d at 726. Further, this court held that the district court also lacked jurisdiction to consider the amended petition for judicial review because it was ultimately filed outside of the APA's time limit.[5] *Id.* at 434-35, 282 P.3d at 727.

Here, like in *Otto*, this court has held that the district court lacked jurisdiction to consider appellants' original Case 2 action because it did not comply with the APA. Specifically, in *Deja Vu I*, this court affirmed the district court's dismissal of appellants' Case 2 action "because appellants failed to follow proper procedure when they filed a de novo action in the district court . . . rather than filing a petition for judicial review as required by NRS 233B.130," and therefore, the district court lacked jurisdiction to consider the original Case 2 action. 130 Nev. at 714, 334 P.3d at 389-90. Further, like in *Otto*, the district court here purportedly granted appellants

---

[4]A petition for judicial review must "[n]ame as respondents the agency and all parties of record to the administrative proceeding." NRS 233B.130(2)(a).

[5]Pursuant to NRS 233B.130(2)(d), a petition for judicial review must "[b]e filed within 30 days after service of the final decision of the agency."

the opportunity to cure the jurisdictional defect after the time for filing a petition had passed. Finally, similar to *Otto*, appellants ultimately filed their petition for judicial review well outside the statutory time limits provided in NRS Chapters 233B and 368A.[6] In particular, appellants did not file their Case 3 petition for judicial review until almost *four years* after the Commission's October 12, 2007, decision. As the statutory time limit had run, appellants' Case 3 petition for judicial review was not timely filed, and the district court lacked jurisdiction to consider it.

Moreover, because appellants' Case 3 petition failed to invoke the district court's jurisdiction, the district court's subsequent orders in that action are necessarily void. *See State Indus. Ins. Sys. v. Sleeper*, 100 Nev. 267, 269, 679 P.2d 1273, 1274 (1984) ("There can be no dispute that lack of subject matter jurisdiction renders a judgment void."); *see also Cox v. Eighth Judicial Dist. Court*, 124 Nev. 918, 925, 193 P.3d 530, 534 (2008) (stating "[a]ny subsequent orders entered by district courts going to the merits of an action [that] are in excess of their jurisdiction" are void). Thus, the district court's order remanding the matter to the Commission was void, and it follows that the Commission's February 12, 2014, decision, which was made pursuant to a void court order, did not grant the district court jurisdiction that it otherwise lacked, nor did it give the district court authority to consider the merits of appellant's Case 4 petition.

---

[6]The parties dispute whether NRS 233B.130(2)'s 30-day time limit or NRS 368A.290's 90-day time limit applies to petitions for judicial review from a decision of the Commission involving a tax refund request under NRS Chapter 368A. Appellants' Case 3 petition for judicial review was not filed within the statutory time limit set forth in either NRS Chapter 233B or NRS Chapter 368A, and therefore, we need not address the issue.

## CONCLUSION

We conclude the district court lacked jurisdiction to consider appellants' Case 3 petition for judicial review, and thus lacked the authority to consider the merits of appellants' Case 4 petition, and we therefore vacate the district court's order denying appellants' consolidated petitions for judicial review and remand the matter to the district court with directions to dismiss the petitions for lack of jurisdiction.[7]

_____, J.
Parraguirre

We concur:

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Stiglich

---

[7]Appellants also argue that (1) the NLET violates the Nevada and United States Constitutions; (2) the United States Supreme Court's decision in _Reed v. Town of Gilbert_, ___ U.S. ___, 135 S. Ct. 2218 (2015), subjects NLET to strict scrutiny, rather than the rational basis review applied in _Deja Vu II_; and (3) the district court erred in denying appellants' request for additional discovery. Given our disposition, we need not reach these issues.