136 Nev., Advance Opinion 76
IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
DEPARTMENT OF TRANSPORTATION,
Appellant,
vs.
JOHN BRONDER,
Respondent.

No. 79695

**FILED**

DEC 03 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

Appeal from a district court order denying a petition for judicial review of a Nevada Division of Personnel Commission decision. First Judicial District Court, Carson City; James Todd Russell, Judge.

*Affirmed.*

Aaron D. Ford, Attorney General, and Cameron P. Vandenberg, Chief Deputy Attorney General, Carson City,
for Appellant.

Dyer Lawrence, LLP, and Thomas J. Donaldson, Carson City,
for Respondent.

BEFORE PARRAGUIRRE, HARDESTY and CADISH, JJ.

*OPINION*

By the Court, PARRAGUIRRE, J.:

NRS 281.641(5) provides that the Nevada Department of Administration's Personnel Commission may adopt procedural rules for whistleblower appeal hearings. NAC 281.305(1)(a), which the Personnel

20-43721

Commission promulgated under NRS 281.641(5), provides that a state officer or employee claiming whistleblower protection "must" file a whistleblower appeal within 10 workdays of the alleged reprisal or retaliation. In this appeal, we consider whether NAC 281.305(1)(a) is a procedural rule and thus within the rulemaking authority that NRS 281.641(5) confers upon the Personnel Commission, or instead a jurisdictional rule that exceeds the Personnel Commission's authority and thus invalid. We conclude that NAC 281.305(1)(a) is a jurisdictional rule and thus invalid.

## FACTS

This dispute arose when appellant Nevada Department of Transportation (NDOT) fired respondent John Bronder. Bronder was a probationary NDOT employee at the time of his termination.[1] Approximately 8 months after NDOT fired him, Bronder filed a whistleblower appeal alleging that his termination was retaliation for his disclosure of certain information. NDOT moved to dismiss, arguing that under the 10-day rule for filing whistleblower appeals, Bronder's appeal was untimely by several months. The hearing officer concluded that the 10-day rule is invalid and ultimately ordered NDOT to reinstate Bronder's probationary employment. NDOT petitioned the district court for judicial review, but the district court denied the petition, thereby affirming the hearing officer's decision.

---

[1]A probationary employee, though hired to fill a permanent position, lacks permanent-employee status until the end of the probationary period. *See* NRS 284.290(3) (explaining that a probationary employee may eventually become a permanent employee).

NDOT now appeals, arguing that the hearing officer erroneously concluded that Bronder timely filed his whistleblower appeal.[2]

## DISCUSSION

This appeal involves a statute and a related regulation. The statute, NRS 281.641(5), provides that "[t]he Personnel Commission may adopt rules of procedure for conducting" whistleblower-appeal hearings. The regulation, NAC 281.305(1)(a), provides that a state officer or employee claiming whistleblower protection must file a whistleblower appeal within 10 workdays of the alleged reprisal or retaliation. The issue before us is whether NAC 281.305(1)(a) is a procedural rule and thus within the rulemaking authority that NRS 281.641(5) confers, or instead a *jurisdictional* rule that exceeds the Personnel Commission's authority and thus invalid.

NDOT simply argues that NAC 281.305(1)(a) is valid because it "was adopted in accordance with . . . NRS 281.641," so "[t]he district court clearly erred in concluding that NAC 281.305 is invalid." Bronder answers by repeating the district court's reasoning that, because NRS 281.641(5) allows rules for conducting hearings and NAC 281.305(1)(a) is instead a rule for filing an appeal, NAC 281.305(1)(a) is invalid.

We review an "administrative decision in the same manner as the district court." *Nassiri v. Chiropractic Physicians' Bd.*, 130 Nev. 245, 248, 327 P.3d 487, 489 (2014). We may reverse an agency's decision "if substantial rights of the petitioner have been prejudiced because the final

---

[2]NDOT also argues that the hearing officer clearly erred by concluding that Bronder disclosed information, but we decline to consider the issue because NDOT raises it for the first time on appeal. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

decision of the agency is . . . [a]ffected by . . . error of law." NRS 233B.135(3)(d).

This issue requires us to review an agency's interpretation of one of its governing statutes. While we ordinarily review statutory interpretation issues de novo, we will "defer to an agency's interpretation of its governing statutes or regulations if the interpretation is within the language of the statute." *Dutchess Bus. Servs., Inc. v. Nev. State Bd. of Pharmacy*, 124 Nev. 701, 709, 191 P.3d 1159, 1165 (2008).

The hearing officer's interpretation of NRS 281.641(5) was that it "appears to authorize adoption of procedural rules for hearing . . . rather than . . . jurisdictional" rules. NRS 281.641(5) authorizes the adoption of "rules of procedure for conducting a hearing," so the hearing officer's interpretation is within the statute's language, and we therefore defer to his interpretation.

Under the hearing officer's interpretation of NRS 281.641(5), NAC 281.305(1)(a) is indeed invalid. As the hearing officer explained, a rule providing a time limit for filing an administrative appeal is not procedural but *jurisdictional*. *See K-Kel, Inc. v. State, Dep't of Taxation*, 134 Nev. 78, 80-81, 412 P.3d 15, 17 (2018) (recognizing the time period for filing a petition for judicial review under NRS Chapter 233B as jurisdictional); *Washoe Cty. v. Otto*, 128 Nev. 424, 432, 282 P.3d 719, 725 (2012) ("The word 'must' generally imposes a mandatory requirement."). NAC 281.305(1)(a)'s 10-day limit is such a rule. Because a jurisdictional rule is beyond the *procedural* rulemaking authority that NRS 281.641(5) confers, NAC 281.305(1)(a) is invalid.[3] *Felton v. Douglas Cty.*, 134 Nev. 34, 38, 410 P.3d

---

[3]NRS 284.390(1) provides a similar 10-day limit that applies only to "an employee's dismissal, demotion or suspension pursuant to NRS 284.385." But NRS 284.385 applies only to *permanent* employees. So unless

991, 995 (2018) (explaining that this court "will not hesitate to declare a regulation invalid when the regulation . . . exceeds the statutory authority of the agency" (quoting *Meridian Gold Co. v. State ex rel. Dep't of Taxation*, 119 Nev. 630, 635, 81 P.3d 516, 519 (2003))). Accordingly, we affirm the district court's denial of NDOT's petition for judicial review.

_____, J.
Parraguirre

We concur:

_____, J.
Hardesty

_____, J.
Cadish

---

the Legislature amends NRS 284.390(1) to apply to *probationary* and *temporary* employees, or otherwise provides some applicable time limit, probationary employees will not be subject to a 10-day limit for filing a whistleblower appeal.